UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES THOMAS                                    CIVIL ACTION

VERSUS                                          NO: 14-3005

SETH SMITH, WARDEN                              SECTION: R(2)

## ORDER AND REASONS

Pro se litigant James Thomas petitions the Court for federal habeas corpus relief under 28 U.S.C. § 2554.[1] The Magistrate Judge recommends that Thomas's petition be dismissed with prejudice.[2] Thomas objects to the Magistrate Judge's Report and Recommendation (R&R) on seven grounds.[3] Having reviewed *de novo* the complaint, the record, the applicable law, the Magistrate Judge's R&R, and Thomas's objections to the R&R, the Court approves the R&R with the following discussion.

On December 16, 2004, a state court jury found Thomas guilty of one count of vehicular homicide.[4] Months earlier, on February 14, 2004, Thomas was driving while intoxicated, with his two minor children as passengers, on Louisiana Highway 1 in Lafourche Parish, Louisiana. *See State v. Thomas*,

---

[1]   R. Doc. 5.

[2]   R. Doc. 10.

[3]   R. Doc. 11.

[4]   R. Doc. 10 at 3 (citing State Rec. Vol. 2 of 4, Jury Verdict, 12/16/04).

938 So. 2d 168, 171 (La. App. 1 Cir. 2006). The highway was under construction, and Thomas drove off of the road and hit a pole before his car flipped and landed in a small body of water. *See id.* at 171-72. Thomas's daughter died as a result of the collision. *Id.* at 171. At 10:50 p.m. that night, approximately two hours after the collision, Thomas's blood-alcohol concentration was determined to be 0.24 grams percent–approximately three times the legal limit. *Id.*

At the time of Thomas's conviction, Louisiana Revised Statute § 14:32.1 defined "vehicular homicide" as "the killing of a human being *caused proximately* or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle [when] [t]he operator is under the influence of alcoholic beverages [or] [t]he operator's blood alcohol concentration is 0.08 percent or more . . . ." La. Rev. Stat. § 14:32.1(A)(1)-(2) (2004) (emphasis added). Importantly, under Louisiana law, to be guilty of vehicular homicide, a person's conduct need not be the *sole* cause of the victim's death. *State v. Martin*, 539 So. 2d 1235, 1238 (La. 1989). A person's conduct need only be a "contributing or concurrent cause" of the collision that resulted in death, and "negligence on the part of other parties w[ill] not excuse the defendant if he himself were guilty of criminal negligence." *Id.* (quoting *State v. Kaufman*, 30 So. 2d 337, 346 (1947)). In other words, as applied to this case, Thomas's driving while intoxicated need only have *contributed to* the

2

collision that killed his daughter to support the jury's verdict that Thomas is guilty of vehicular homicide. *See State ex rel. R.V.*, 82 So.3d 402, 410 (La. 2011).

Following Thomas's conviction, the State filed a multiple offender bill under a different case number than the substantive charges to enhance Thomas's sentence.[5] *See State v. Thomas*, 938 So. 2d 168, 171 (La. App. 1 Cir. 2006). The Louisiana trial court adjudicated Thomas a multiple offender and sentenced him to forty years imprisonment. *Id.* Thomas directly appealed his conviction and sentence, arguing among other things, that the evidence was insufficient to support the conviction for vehicular homicide. On June 9, 2006, the Louisiana First Circuit Court of Appeal affirmed Thomas's conviction, but reversed his multiple offender adjudication and vacated the sentence. *See id.* On April 27, 2007, the Louisiana Supreme Court denied Thomas's writ application for further review, and thus finalized Thomas's conviction for vehicular homicide. *State v. Thomas*, 955 So.2d 683 (La. 2007). Judicial proceedings surrounding Thomas's multiple offender status continued, however. After a number of sentencings, appeals, and re-sentencings, Thomas finally was sentenced to thirty-five years imprisonment

---

[5] *Id.* at 4 (citing State Rec. Vol. 2 of 4, Motion to Reconsider Sentence 5/25/05, and Trial Court Order, 5/26/06).

on December 28, 2012.[6] *See State v. Thomas*, 112 So.3d 875 (La. App. 1 Cir. 2012).

On September 10, 2008, while awaiting re-sentencing on the multiple offender bill, Thomas filed his first application for post-conviction relief in Louisiana state court. He asserted the following grounds for relief: (1) the prosecution suppressed material evidence of a construction contract involving the highway where the accident occurred; (2) in the course of a wrongful death suit against the state, Thomas discovered new evidence that the highway lacked proper lighting, which may have contributed to his accident and would have impeached testimony by a state witness at trial; (3) Thomas discovered new evidence of photographs of the construction area that would have impeached testimony by a state witness at trial; (4) the prosecution suppressed material evidence of photographs and other evidence favorable to the defense; (5) the prosecution used false evidence and testimony regarding accident reconstruction at Thomas's criminal trial; (6) Thomas's trial counsel provided ineffective assistance because he failed to investigate properly evidence disclosed by the State and to interview witnesses; (7) Thomas's trial counsel provided ineffective assistance because he failed to familiarize himself with the scientific evidence and to hire an expert witness; and (8) Thomas did not

---

[6] *Id.* at 4-8.

receive a fair trial because the case received publicity prejudicial to him and the court failed to recuse certain jurors for cause. On April 27, 2009, the Louisiana trial court dismissed Thomas's application for post-conviction relief as premature because the court had not finally sentenced Thomas on the multiple offender bill.[7]

After he was finally sentenced on December 28, 2012, Thomas filed another application for post-conviction relief in Louisiana state court on February 15, 2013, over five years after the Louisiana Supreme Court finalized Thomas's conviction.[8] Thomas asserted the same grounds for relief as he had in his original application, plus the following grounds of error: (1) the prosecution should have filed the multiple offender bill under the same case number as the substantive charges; (2) the prosecution suppressed material evidence of a construction contract involving the highway where the accident occurred; and (3) the prosecution used false evidence and testimony regarding accident reconstruction at trial and allowed other parties to alter the crime scene through post-accident repairs.[9]

---

[7] *Id.* at 6 (citing State Rec. Vol. 4 of 5, Trial Court Judgment, 4/27/09); *see also* R. Doc. 11-1 at 3, 9-10.

[8] *Id.* at 8.

[9] *Id.* at 9.

The state trial court denied relief on the merits of Thomas's claims on July 19, 2013.[10] On appeal, the Louisiana First Circuit denied Thomas's writ application without stated reasons.[11] On further appeal, the Louisiana Supreme court denied Thomas's writ application as untimely under Louisiana Code Criminal Procedure article 930.8, which provides a two-year prescriptive period for post-conviction relief applications, and *State ex rel. Glover v. State*, 660 So. 2d 1189 (La. 1995), which enforced on appeal the prescriptive period in article 930.8 even though the lower court had addressed the merits of the petitioner's application. *See State ex rel. Thomas v. State*, 149 So. 3d 790 (La. 2014).

Thomas then filed an application for post-conviction relief in this Court on January 26, 2015, alleging the same grounds of error that he asserted in state court.[12] To summarize, Thomas argues that it was error for the prosecution to file the multiple offender bill under a different case number than the substantive charges against him.[13] Thomas argues that this error led to the Louisiana Supreme Court dismissing his state court application for post-

---

[10]   R. Doc. 5-2 at 7-14.

[11]   *Id.* at 19.

[12]   R. Doc. 5.

[13]   R. Doc. 5-1 at 9.

6

conviction relief as untimely.[14] Thomas also argues that during the course of his wrongful death suit against the state, he uncovered "new evidence" that the prosecution suppressed during his criminal trial. This new evidence includes Entergy's interrogatory response that there were no street lights along Louisiana Highway 1 where the accident occurred;[15] colored photographs of the accident scene, taken three days later, which illustrate that Barriere Construction Co., the construction company working on the roadway, erected warning construction signs after the accident;[16] and a contract between the Louisiana Department of Transportation and Development and Barriere Construction, which requires both contracting parties to erect certain signage warning drivers about the construction area;[17] Thomas also argues that his criminal trial counsel rendered ineffective assistance because he failed to investigate adequately the facts of the case and to uncover much of this new, allegedly exculpatory evidence.[18] Finally, Thomas argues that the prosecutors in his criminal case suppressed this exculpatory evidence and relied on false

---

[14]   *Id.*

[15]   *See* R. Doc. 5-1 at 11-13.

[16]   *See id.* at 15-19.

[17]   *See id.* at 22-28.

[18]   *See id.* at 30-72.

testimony in violation of Thomas's due process rights, as articulated in *Brady v. Maryland*, 373 U.S. 83 (1963).[19]

In the Report and Recommendation, the Magistrate Judge raised the issue of procedural default, noting that the Louisiana Supreme Court rejected Thomas's petition as untimely. As noted, Thomas filed his habeas petition in state court on February 15, 2012, over five years after the Louisiana Supreme Court finalized his conviction, but only a few months after he was finally sentenced as a multiple offender.[20] The Magistrate Judge found that Thomas "failed to present any cause, other than his own delay," for his failure to pursue his habeas claims in a timely manner.[21] In his objections to the R&R, Thomas argues the Louisiana trial court judge caused him to file his habeas petition untimely in state court. As Thomas points out, the state court judge specifically told him that any habeas petition filed before the court finalized his multiple offender sentence would be premature.[22]

Regardless of Thomas's cause for failing to timely file his habeas petition in state court, Thomas cannot show any resulting prejudice. To overcome a procedural default, a petitioner must show not only cause excusing the

---

[19]   *See id.* at 74-112.

[20]   R. Doc. 10 at 8.

[21]   *Id.* at 19.

[22]   R. Doc. 11 at 4-7 (Objections Nos. 1-2).

8

procedural default, but also "actual prejudice as a result of the alleged violation of federal law." *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that the result fo the trial would have been different." *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

Thomas cannot show prejudice to overcome his procedural default because none of his stated grounds for relief go to the heart of his vehicular homicide conviction, which is Thomas's driving while intoxicated, with a blood-alcohol concentration of 0.24 grams percent. This evidence remains uncontroverted. In his habeas petition, Thomas attempts to blame the Louisiana Department of Transportation Development, Barriere Construction, and Entergy for the condition of the highway and the lack of lighting on the road. Thomas argues that poor condition of the road and poor lighting caused the collision. Even if the allegedly negligent conduct of any of these parties contributed to the collision, this does not excuse Thomas's own criminal negligence. *See Louisiana v. Martin*, 539 So. 2d 1235, 1238 (La. 1989). As noted, to support a vehicular homicide conviction, Louisiana law requires only that a person's driving while intoxicated be a proximate cause, or contributing factor, to the collision that causes the victim's death. *See id.* Thomas has

9

failed to demonstrate in any way that his impaired driving did not contribute, at least in part, to the collision that killed his daughter.

Thomas's remaining objections challenge the wording of the Magistrate Judge's Report and Recommendation. For example, Thomas objects to the Magistrate Judge's characterizing the trial evidence as demonstrating that there was "a large bump in the road"[23] and "few warning signs" in the area,[24] and that Thomas's vehicle left the highway "at a high rate of speed."[25] Again, these arguments fail to attack directly the evidence on which Thomas's conviction rests and do not advance his arguments for post-conviction relief. Accordingly, the Court denies Thomas's petition for habeas corpus relief and dismisses his claims with prejudice.

Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the

---

[23] R. Doc. 10 at 25; *see* R. Doc. 11 at 8 (Objection No. 5).

[24] R. Doc. 10 at 26; *see* R. Doc. 11 at 8 (Objection No. 4).

[25] R. Doc. 10 at 27; *see* R. Doc. 11 at 8 (Objection No.3).

petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated in the Magistrate Judge's Report and Recommendation, as well as this Order denying relief, the Court concludes that Thomas's petition fails to satisfy this standard.

For the foregoing reasons, the Court DENIES Thomas's petition for habeas corpus and DENIES a certificate of appealability.

New Orleans, Louisiana, this __24th__ day of November, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE